UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Petition of Andrew Paul Shimmin, as | ) | Case No. _____ |
| Liquidator of Comfort Jet Aviation, Ltd., | ) | Chapter 15 |
| | ) | |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## PETITION FOR RECOGNITION OF FOREIGN PROCEEDING

Pursuant to Section 1515 of Title 11 of the United States Code (the "Bankruptcy Code"), Mr. Andrew Paul Shimmin, as Liquidator and Foreign Representative (the "Liquidator") for Comfort Jet Aviation, Ltd. ("CJA" or "Debtor"), by its counsel Jerome Sepkowitz, Douglas A. Rice and Adam J. Singer of Derryberry & Naifeh, LLP, files this Petition requesting entry of an order recognizing the Liquidation of the Debtor in the Isle of Man pursuant to a Creditors Voluntary Liquidation (the "Isle of Man Liquidation Proceeding") as a foreign main proceeding, as defined in Section 1502(4). In the alternative, if the Court finds that the Isle of Man Liquidation Proceeding is not eligible for recognition as a foreign main proceeding, the Liquidator seeks recognition of the Isle of Man Liquidation Proceeding as a foreign nonmain proceeding, as defined in Section 1502(5).

### INTRODUCTION

This Chapter 15 case arises out of a unanimous vote of CJA's creditors to liquidate

1

CJA pursuant to the Isle of Man Companies Act 1931 and the Companies (Winding-Up) Rules 1934. The Liquidator is a foreign representative and seeks recognition pursuant to Chapter 15 to assist the Liquidator in winding up the affairs of the Debtor and maximizing value to all creditors by pursuing assets that may be located in Oklahoma and elsewhere in the United States and by staying litigation against Debtor which is currently pending in the United States District Court for the Western District of Oklahoma.

The Liquidator is a foreign representative acting as a liquidator for CJA, which is duly incorporated and existing Isle of Man Company pursuant to the Isle of Man Companies Act 1931-2004 & re-registered under the Isle of Man Companies Act of 2006 on the 21st of June 2007, registration Number 001079V. The Isle of Man is a small island located in between Ireland and the United Kingdom. Mr. Shimmin has been appointed as liquidator by unanimous vote of the creditors of CJA and receives his authority from such vote.

The Isle of Man Liquidation Proceeding should be recognized as a foreign main proceeding because the activities of CJA are now managed by the Liquidator from the Isle of Man. Moreover, prior to the appointment of the Liquidator, the affairs of CJA were supervised and directed by certain Directors, the majority of which are located in the Isle of Man. In fact, the registered office of CJA was First Names House, Victoria Road, Douglas, Isle of Man, IM2 4DF.

As a foreign representative, the Liquidator is entitled to petition this Court for recognition under Section 1509 of the Bankruptcy Code. As demonstrated below: (1)

2

recognition of the Isle of Man Liquidation Proceeding as a Foreign Proceeding would not be contrary to public policy under Section 1506; (2) the Isle of Man Liquidation Proceeding is a foreign main proceeding pursuant to Section 1502(4); (3) the Liquidator is a person authorized in the Isle of Man Liquidation Proceeding to assemble, administer, liquidate and distribute the proceeds of the Debtor's assets in accordance with Isle of Man law subject to creditor oversight and recourse to the Isle of Man Courts if sought by any party; and (4) the Liquidator has complied with requirements of Section 1515 and Fed. R. Bankr. P. 1007(a)(4).

## DOCUMENTS SUPPORTING THIS PETITION

1. Official Form 401, Chapter 15 Petition for Recognition of a Foreign Proceeding.
2. Affidavit of Mr. Andrew Paul Shimmin, with certified copies of the Minutes commencing the Isle of Man Liquidation Proceeding and unanimous approval of CJA's creditors appointing the Liquidator.
3. The Liquidator's Request for Hearing Date and Approval of Notice, with proposed order.
4. Statement of Foreign Representative as required by 11 U.S.C. § 1515.
5. List filed pursuant to Fed. R. Bankr. P. 1007(a)(4).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Sections 109 and 1501 of the Bankruptcy Code. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410. This is a core

proceeding under 28 U.S.C. § 157(b)(2)(P).

## **GENERAL BACKGROUND AND HISTORY**

### A. The Foreign Proceeding and the Appointment of the Liquidator

7. On or about March 28, 2007, CJA was incorporated in the Isle of Man.  Shimmin Aff., ¶ 3.

8. CJA was organized to operate and manage aircraft. Shimmin Aff., ¶ 4.

9. On or about September 6, 2021, pursuant to Section 226 of the Isle of Man Companies Act, 1931, and as applied by Section 182 of the Companies Act, 2006, the Board of Directors of CJA issued a Notice of an Extraordinary General Meeting of Contributories, as well as a Notice of a Meeting of Contributories and Creditors, which notified the shareholders and creditors of CJA that a meeting would be held on October 1, 2021 for the purpose of "having a full statement of the position of the Company's affairs, together with a list of the creditors and an estimated amount of their claim laid before them and for the purpose, if thought fit, of nominating a liquidator and of appointing a Committee of Inspection."  The Notice further provided that they would be voting on the following Extraordinary Resolutions:

    1. "THAT the Company be wound up and that a Liquidator be appointed; and

    2. WHETHER a committee of inspection be appointed to assist the Liquidator".

    Shimmin Aff., ¶ 5.

10. On or about October 1, 2021, the contributories and creditors of CJA unanimously

voted to appoint Mr. Andrew Paul Shimmin as liquidator of CJA for purposes of winding-up the affairs of CJA. Shimmin Aff., ¶ 6.

11. At the October 1, 2021, meeting, CJA's contributories and creditors unanimously resolved, "THAT the Company be wound-up and that Mr. A. P. Shimmin be appointed as Liquidator." Shimmin Aff., ¶ 7.

12. Mr. Shimmin has over 30 years' experience acting as liquidator of hundreds of liquidations and is a chartered accountant as a member of the Institute of Chartered Accountants in England and Wales. He is the founding a Partner of Shimmin Wilson, Chartered Accountants. Shimmin Aff., ¶ 9.

13. As liquidator, Mr. Shimmin: 1) is in sole control of CJA for the purpose of winding up its affairs, 2) collects all monies and accounts owed to CJA, 3) has authority to direct CJA in all legal matters or proceedings relating to CJA and CJA's property, and 4) has authority to market and sell CJA's property for the benefit of its creditors. Shimmin Aff., ¶ 11.

14. By filing dated October 1, 2021, the appointment of Mr. Shimmin, as the Liquidator for CJA has been accepted by the Isle of Man Companies Registry. As a result, such appointment is reflected in the public record that is maintained by the Registry. Shimmin Aff., ¶ 8.

B. **Pending Litigation**

15. CJA is named as a Defendant in an action currently pending in the United States District Court for the Western District of Oklahoma, *Insured Aircraft Title Service,*

*LLC v. Comfort Jet Aviation, LTD, et al.*, Case No. 5:20-cv-00742 (the "Pending Litigation").

16. The lawsuit arises from an aircraft purchase transaction in which CJA sold a 1987 Dassault Falcon 900B aircraft, bearing serial number 033 (the "Aircraft") to Kent Aviation, LLC ("KA"). The purchase price for the Aircraft was $2,500,000.00. At the time of sale, the Aircraft was required to undergo a C-Check inspection, which is a comprehensive inspection conducted at certain calendar intervals depending upon the type of aircraft.

17. As part of the terms of the sale, CJA and KA agreed that Dassault Falcon Jet-Wilmington Corp. ("DFJ") would perform the C-Check and repair discrepancies that were discovered at the expense of CJA. In addition, after the sale and beginning of the C-Check, CJA and KA agreed to an early closing so that title could be transferred to KA. Thus, CJA and KA entered an Escrow and Hold Back Agreement wherein the parties agreed to proceed with the closing of the sale transaction and hold $1,500,000 of the purchase price in escrow to pay DFJ for the anticipated work remaining to be completed as part of the C-Check.

18. A dispute arose regarding the necessity of certain work performed by DFJ as well as the unexpected and exorbitant expenses associated with the C-Check.

19. On or about August of 2019, DFJ stopped working on the plane and it has been stored by DFJ in Wilmington, Delaware.

20. On June 16, 2020, Insured Aircraft Title Service, LLC, the title company

administering the escrow funds, filed a Petition in Oklahoma County to interplead the remaining holdback funds ($520,000.00). On July 29, 2020, DFJ removed the action to federal court, in the Western District. $516,000 remains in the Court's repository and ownership of the funds is disputed by the parties to the Pending Litigation. In addition, both KA and DFJ have asserted claims against CJA in the Pending Litigation.

21. KA and DFJ claim to be creditors of CJA and filed forms claiming Proof of Debt in the Isle of Man Liquidation Proceeding. Both parties were present for, and voted to approve, the appointment of Mr. Shimmin as liquidator.

22. Following CJA's Isle of Man Liquidation Proceeding, the parties to the Pending Litigation are unable to agree as to the proper method to dispose of the subject aircraft, the disposition of the remaining escrow funds, and the value of the claims asserted against CJA.

23. KA, DFJ and Mr. Shimmin, as Liquidator for CJA, recently attended mediation with Mr. Gary Chilton, Esq. and were unable to reach a settlement.

**BASIS FOR RELIEF**

**A. The Liquidator has Properly Sought Relief Under Chapter 15**

24. Chapter 15 is the proper vehicle for a foreign representative, such as the Liquidator, to seek assistance from Courts in the United States in connection with a foreign proceeding. *See generally* 11 U.S.C. § 1501(b)(1). The Liquidator commenced this case to obtain the assistance of the United States Bankruptcy Court for the Western

7

District of Oklahoma; more specifically, to obtain a stay of the Pending Litigation to protect the assets remaining in the Debtor's estate while the Liquidator marshals the assets, determines the value of all claims and administers the estate. Further, recognition of the Isle of Man Liquidation Proceeding will aid the Liquidator in his pursuit of assets that are located in Oklahoma (namely, the $516,000 currently held in the United States Court's repository) and elsewhere in the United States (namely, the subject aircraft located in Wilmington, DE).

25. Section 101(23) of the Bankruptcy Code provides:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for purposes of reorganization or liquidation.

26. The Isle of Man Liquidation Proceeding contemplates the liquidation and distribution of proceeds among the creditors of the Debtor in much the same manner as a case under Chapter 7 of the Bankruptcy Code. It is a collective administrative proceeding in a foreign country under a law relating to insolvency in which proceeding the assets and affairs of the Debtor are subject to control or supervision in an administrative proceeding for the purpose of liquidation.

27. The Chapter 15 case was commenced by a duly appointed and authorized "foreign representative" with respect to the Isle of Man Liquidation Proceeding, within the meaning of 11 U.S.C. § 101(24), which provides

> (24) The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

28. Finally, the Debor fits squarely within the definition of debtor contained in Section 1502(1), "debtor means an entity that is the subject of a foreign proceeding."

B. **The Foreign Proceeding Should be Recognized as a Foreign Main Proceeding.**

29. The Isle of Man Liquidation Proceeding should be recognized as a "foreign main proceeding," as defined in Section 1502(4).  The Bankruptcy Code provides that a foreign proceeding for which Chapter 15 recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests.  11 U.S.C. § 1517(b)(1).  Based upon the October 1, 2021, meeting of creditors appointing Mr. Shimmin as liquidator, the affairs of the Debtor are managed by the Liquidator in the Isle of Man.  In addition, the Debtor was organized as an Isle of Man company, maintained its registered office there, and managed its business and affairs in the Isle of Man.

30. Although the undersigned has been unable to locate any case where an Isle of Man entity has sought recognition of its Isle of Man liquidation in a United States Court, *In re Betcorp Ltd*., 400 B.R. 266 (Bankr. D. Nev. 2009) presents similar facts to those at hand.  In 2007, Betcorp's members commenced a voluntary winding-up of the Australian company's operations in Australia by appointing a liquidator to administer the company.  In 2008, Betcorp was sued in Nevada.  The Australian liquidator sought recognition of the liquidation proceedings under Chapter 15. The

9

Nevada Plaintiff objected and argued that the Australian liquidation did not qualify as a "foreign proceeding." It argued that "(i) there is no lawsuit or legal proceeding pending in an Australian court (or anywhere else except the United States) involving any of Betcorp's creditors; (ii) Betcorp is not bankrupt or in administration under Australian bankruptcy laws, or any other bankruptcy laws; and (iii) there is no lawsuit or other legal process by which a judge or other judicial officer directly supervises the liquidators' actions in the winding up." The United States Bankruptcy Court for the District of Nevada held that Betcorp's "Center of Main Interest" was located in Australia and that the voluntary liquidation process should be recognized as a "foreign main proceeding" under chapter 15. Upon recognition of Betcorp's winding-up under chapter 15, the pending district court litigation was stayed by operation of section 1520 of the Bankruptcy Code, which provides that the automatic stay imposed by section 362 applies to a debtor and its assets upon recognition of a foreign main proceeding. *See* 11 U.S.C. § 1520(a)(1) (providing that 11 U.S.C. § 362 applies to a chapter 15 debtor upon recognition).

31. Similarly, in *In re ABC Learning Centres Ltd.*, 728 F.3d 301 (3d Cir. 2013) a liquidator was voluntarily appointed by the secured creditors of an Australian company. The liquidators filed a Chapter 15 action in order to obtain a stay of an enforcement action commenced by a judgment creditor in the United States. The United States Court of Appeals, Third Circuit, affirmed the District Court's order affirming the Bankruptcy Court's order recognizing the Australian liquidation proceeding as a foreign main proceeding and stated:

10

> Chapter 15 embraces the universalism approach. The ancillary nature of Chapter 15 proceedings "emphasizes the United States policy in favor of a general rule" that our courts "act ... in aid of the main proceedings, in preference to a system of full bankruptcies ... in each state where assets are found." H.R.Rep. No. 109–31(1), at 109 (2005) reprinted in 2005 U.S.C.C.A.N. 88, 171. Congress rejected the territorialism approach, the "system of full bankruptcies," in favor of aiding one main proceeding. Id. "The purpose is to maximize assistance to the foreign court conducting the main proceeding."

*Id.* at 306 (internal citation omitted).

32. Notably, the Manx Court has repeatedly demonstrated a commitment to the principles of comity and universalism and co-operation in matters of cross-border insolvency and the Court is keen to assist foreign jurisdictions with regard to insolvency proceedings. In fact, in <u>*Brittain v Impex Services*</u> (2004) CP 2003/96[1], the Isle of Man First Deemster (Chief Justice) noted the following:

> 107. Friendly and sophisticated jurisdictions which respect the rule of law and human rights need to be aware that if things go wrong in their jurisdiction and entities in the Isle of Man have information, documentation and evidence in their possession custody control or power that would assist them, then the Manx courts, in a proper case and subject to suitable safeguards and protections where necessary, will offer judicial co-operation and assistance where that is reasonably requested by the judicial authority in that friendly jurisdiction. When the call for help comes the Manx courts will, in proper cases, answer the call positively and provide the necessary co-operation and assistance.

and he went on to note:

> 109. The Island is indeed a solid common law based

---

[1] For the full text of the opinion, *See* https://www.judgments.im/content/print.mth?contentdocumentversionid=2887.

11

sophisticated jurisdiction with respect of the rule of law and with a sound legal system. **Part of that system enables this court under the common law of the Island to assist foreign courts in insolvency matters.**

(emphasis added).

## THE RECEIVER IS ENTITLED TO THE RELEIF REQUESTED IN THIS PETITION

33. As demonstrated above, the Isle of Man Liquidation Proceeding is a "foreign main proceeding" within the meaning of 11 U.S.C. § 1502, and the Chapter 15 Petition meets the requirements of 11 U.S.C. § 1515. Accordingly, the Liquidator respectfully requests the Court enter an Order recognizing the foreign proceeding as a foreign main proceeding. 11 U.S.C. § 1517.

34. The Liquidator seeks recognition pursuant to Chapter 15 in order to assist the Liquidator in winding up the affairs of the Debtor and maximizing value to all creditors by pursuing assets that may be located in Oklahoma and elsewhere in the United States and staying litigation against the Debtor which is pending in the United States District Court for the Western District of Oklahoma. Specifically, the Liquidator seeks an Order of this Court pursuant to Sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the proposed order submitted with this Petition (the "Proposed Order"), granting the following relief:

   a. Recognition of the foreign proceeding as a foreign main proceeding as defined in Section 1502(4) of the Bankruptcy Code;

   b. Granting relief as of right upon recognition of a foreign main proceeding

      pursuant to Section 1520 of the Bankruptcy Code;

  c. Otherwise granting comity to and giving full force and effect to the Isle of Man Liquidation Proceeding; and

  d. Staying the Pending Litigation in the United States District Court for the Western District of Oklahoma; and

  e. Awarding the Liquidator such other and further relief as this Court may deem just and proper.

## ALTERNATIVE RELIEF

35. Although the Liquidator believes the foreign proceeding should be recognized as a foreign main proceeding, in an abundance of caution and to preserve any relief to which the Debtor may be entitled, in the event the Court determines that the foreign proceeding is not eligible to be recognized as a foreign main proceeding, the Liquidator requests recognition as a foreign nonmain proceeding, as defined in 11 U.S.C. § 1502(5), and requests that the Court grant the relief requested above, and for such other and further relief as is proper, pursuant to 1521 of the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons, the Liquidator, Mr. Andrew Paul Shimmin, respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order submitted with this Petition, granting the relief requested herein and such other and further relief as may be appropriate.

Respectfully submitted,

/s/ Douglas A. Rice
JEROME SEPKOWITZ, OBA No. 8081
DOUGLAS A. RICE, OBA No. 16297
ADAM J. SINGER, OBA No. 33272
DERRYBERRY & NAIFEH, LLP
4800 N. Lincoln Boulevard
Oklahoma City, OK 73105
Telephone: (405) 528-6569
Facsimile:  (405) 528-6462
jsepkowitz@derryberrylaw.com
drice@derryberrylaw.com
asinger@derryberrylaw.com
*ATTORNEYS FOR APPLICANT,*
*MR. ANDREW PAUL SHIMMIN*